IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| MATTHEW CHOY,<br><br>              Petitioner,<br><br>vs.<br><br>US MARCHELLS, DOJ;<br><br>              Respondent. | **8:24CV423**<br><br>**MEMORANDUM AND ORDER** |

This matter is before the court on Petitioner Matthew Choy's Petition for a Writ of Habeas Corpus filed pursuant to 28 U.S.C. § 2241. Filing No. 1. Although habeas corpus cases attacking the legality of a person's confinement require the payment of a $5.00 filing fee, 28 U.S.C. § 1914(a), and Choy has failed to pay the fee or file a motion to proceed in forma pauperis, for the reasons set forth below this Court is not the proper forum for this case to proceed and therefore transfers this case to the United States District Court for the Southern District of Georgia to address all matters including the outstanding fees.

Choy utilized the Form AO 242 Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241 for his petition and alleges he is confined at "FCI Jessup" in Jessup, Georgia. Filing No. 1 at 1. Choy checked the box on the form indicating he is "currently being held on orders by: . . . Federal authorities," and is challenging a sentence imposed in a criminal proceeding by the United States District Court for Southern District of Florida. *Id.*

Generally, a collateral challenge to a federal conviction or sentence must be raised in a motion to vacate filed in the sentencing court pursuant to 28 U.S.C. § 2255, which in

Choy's case would be the Southern District of Florida. See *Hill v. Morrison*, 349 F.3d 1089, 1091 (8th Cir. 2003); *United States v. Lurie*, 207 F.3d 1075, 1077 (8th Cir. 2000). But a prisoner also can use 28 U.S.C. § 2241 to attack the execution of a federal sentence. See *Nichols v. Symmes*, 553 F.3d 647, 649 (8th Cir. 2009); *Peak v. Petrovsky*, 734 F.2d 402, 405 n.6 (8th Cir. 1984); *Smith v. United States*, 2005 WL 2765473, at *1 n.1 (D. Neb. 2005) ("For purposes of 28 U.S.C. § 2241, execution of a sentence includes such matters as the administration of parole, computation of a prisoner's sentence by prison officials, prison disciplinary actions, prison transfers, type of detention and prison conditions.").

Because a § 2255 motion attacks the validity of the conviction or sentence, it is "a further step in the movant's criminal case," and subject matter jurisdiction lies with the court which convicted and sentenced him. *DeSimone v. Lacy*, 805 F.2d 321, 323 (8th Cir.1986); *Thompson v. Smith*, 719 F.2d 938, 940 (8th Cir.1983). In contrast, a § 2241 habeas corpus petition attacks the execution of a sentence, or the manner in which the sentence is being carried out, and it is within the subject matter jurisdiction of the court presiding in the judicial district where the prisoner is incarcerated. *Matheny v. Morrison*, 307 F.3d 709, 711–12 (8th Cir.2002); *DeSimone*, 805 F .2d at 323; *Cain v. Petrovsky*, 798 F.2d 1194, 1196 n. 3 (8th Cir.1986).

Ultimately, this Court is not the appropriate forum under either § 2241 or § 2255 as Choy is neither housed in the District of Nebraska nor was the conviction or sentence he challenges performed here. As Choy challenges his sentence via 28 U.S.C. § 2241, transfer to the district where he is currently housed is appropriate at this time, even if it is later determined that Choy must proceed under § 2255. As Jessup, Georgia, where Choy

is currently housed, sits within the jurisdiction of the United States District Court for the Southern District of Georgia,[1] transfer of this matter to that court is appropriate.

IT IS THEREFORE ORDERED that:

1. This case is transferred to the United States District Court for the Southern District of Georgia for further proceedings. This case is terminated in this district.

2. The Clerk of Court is directed to take all necessary steps to transfer this matter to the United States District Court for the Southern District of Georgia.

Dated this 7th day of November, 2024.

BY THE COURT:

Joseph F. Bataillon
Senior United States District Court

---

[1] *See* Court Info, The United States District Court for the Southern District of Georgia, available at: https://www.gasd.uscourts.gov/court-info (last accessed Nov. 4, 2024).